IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHAD AND TONYA RICHARDSON,
individually, and as parents
and next friends of L                                                                PLAINTIFFS

V.                           CASE No. 3:17-CV-3053

OMAHA SCHOOL DISTRICT                                                        DEFENDANT

## OPINION AND ORDER

Now pending before the Court are Plaintiffs Chad and Tonya Richardson's Motion for Extension of Time to Serve (Doc. 5) and Brief in Support (Doc. 6). In the Motion, Plaintiffs' counsel explains that she neglected to calendar the deadline to serve Defendant Omaha School District with the Complaint. When counsel filed the Motion, she had already missed the deadline by 12 days. She contends that since the delay was small, no possible prejudice will result to Defendant if Plaintiffs are granted additional time to effect service.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

By Plaintiffs' counsel's own admission, service of the Complaint upon Defendant was not perfected within the 90-day period prescribed in Rule 4(m). Under Rule 4(m), if the Court finds "good cause" for the delay, the Court must extend the time for service, thus ending the inquiry. *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). However the Rule itself does not define the term "good cause," so the Court

must look to the Eighth Circuit's interpretation in *Kurka v. Iowa County, Iowa*, which is as follows:

> [G]ood cause requires at least "excusable neglect"—good faith and some reasonable basis for noncompliance with the rules. . . . [G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

628 F.3d 953, 957 (8th Cir. 2010) (internal citations and quotation marks omitted).

In analyzing the "good cause" standard, it is clear that counsel has failed to meet it, as she has failed to demonstrate some reasonable basis for her noncompliance with Rule 4. Counsel's failure to timely serve Defendant is solely attributable to her *own* negligence, and not to any factor outside her control. Still, the Court may, in its discretion, extend the time for service if, on balance, the neglect shown by counsel was excusable. The *Kurka* Court explained that:

> The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis.

*Id.* at 959 (internal citations omitted).

Taking into account the above factors, the Court believes there is no basis for finding that counsel's neglect was excusable and warrants a permissive extension. Although the possibility of prejudice to the Defendant is low and the Motion for Extension

2

of Time was filed 12 days after the deadline to effect service, the only reason offered by Plaintiffs' counsel for the delay was her failure to calendar the service deadline, and this is not a good excuse. It is an especially bad excuse considering the fact that it appears she waited until the last possible day of the applicable limitations period to file the Complaint. See 20 U.S.C. § 1415(i)(2)(B) (noting 90-day deadline for aggrieved party to file a civil action to appeal an administrative hearing officer's decision under the Individuals with Disabilities Education Improvement Act (IDEA) of 2004). And counsel was aware that her failure to timely serve the Complaint could mean the dismissal of her clients' case and the potential consequence of a time-bar to refiling a subsequent action. See Doc. 5, p. 2 (indicating counsel's awareness of the potential statute of limitations problem).

Counsel's disregard for rules and deadlines in the instant case is not an isolated occurrence. Counsel has demonstrated a pattern of disregard for deadlines in her practice before this Court, such that it is fair to say that failing to meet deadlines, and then asking the Court for forgiveness after the fact, is simply the way that counsel chooses to practice law.[1] Because the Court finds that counsel's failure to timely serve was entirely within her control, and that her carelessness in this instance is neither isolated or aberrant, the Court declines to countenance her lack of diligence through a permissive extension of the service deadline. The Court makes this finding in full awareness that the statute of limitations could bar Plaintiffs from refiling their claims. But see Adams, 74 F.3d at 887 ("[T]he running of the statute of limitations does not require the district court to extend time for service of process.") (internal quotation and citation omitted). The Court notes that

---

[1] For a list of case examples that highlight this practice, see the Court's recent opinion in Albright v. Mountain Home Sch. Dist., et al., case no. 3:16-CV-3011, Doc. 105, pp. 12-15.

3

plaintiffs—in this case and in any other—are bound by the decisions made by their counsel, since they

> voluntarily chose this attorney . . . and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Extension of Time to Serve (Doc. 5) is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE** for failure of service, pursuant to Rule 4(m).

**IT IS SO ORDERED** on this 8th day of November, 2017.

／s／ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE